UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tim Corey, #173528, <br> *a.k.a. Timothy Corey,* <br>                     Plaintiff, <br><br> vs. <br><br> Leroy Cartedge, Warden; Scott Lewis, Associate Warden; Steven J. Reck, Food Service; Michael Labbshire, General Counsel; Rob Peele, General Counsel; J. Franklin, Mail Room; Ms. Young, Mail Room; Ms. Walker, Law Library; N. Barber, Chaplin; Colie Rushton, Security; Ms. Bell, Food Service; Ms. Moss, Food Service; R. Thomas, Officer AI Shift; NFN Jackson, Officer AI Shift; Lt. Mr. Thompkins, Lt. C-Card; Sgt. Mr. Monday, AII Shift; Marcia Fuller, Food Service; Nurse Andrews, Medical; and SCDC Mr. William Byars, <br><br>                     Defendants. | C/A No.9:11-1078-HFF-BM <br><br><br><br> **REPORT & RECOMMENDATION** <br> *(partial summary dismissal)* |

Plaintiff Tim Corey, also known as Timothy Corey ("Plaintiff"), is a state prisoner in the South Carolina Department of Corrections' (SCDC's) McCormick Correctional Institution (MCI) in McCormick, South Carolina. Plaintiff, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983,[1] seeking monetary damages and injunctive relief against the Defendants, "in

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640



the[ir] official and personal capacity" (*see* ECF No. 1, p. 19), as employees of the South Carolina Department of Corrections.

Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915; and this matter is therefore before the Court for initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A[2] and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is also required to liberally construe *pro se* complaints; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); and when a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Here, having reviewed the Complaint in accordance with the applicable law, the undersigned finds and concludes for the reasons set forth hereinbelow that the Complaint fails to state a claim on which relief may be granted by this Court against the Defendants Cartledge, Lewis,

---

(1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

[2] Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



Reck, Walker, Barber, Rushton, Thomas, Jackson, Thompkins, Monday, Andrews, and Byars, and that these Defendants should therefore be dismissed from the Complaint without prejudice and without issuance and service of process. The Complaint may then be served on the remaining Defendants Labbshire, Peele, Franklin, Young, Bell, Moss, and Fuller.

## DISCUSSION

Plaintiff's Complaint alleges that he is attempting to litigate the following issues: "# 1 - access to courts, # 2 - stolen property, # 3 - food service, # 4 - chaplin's office, # 5 - general counsel, # 6 - security, # 7 - housing." ECF No. 1, p. 3, 4.[3]

### I. Access to Court/Legal Mail/Law Library Issues:

With respect to the issues of "Access to Court," "Legal Mail," and the "Law Library," Plaintiff alleges that Defendants Labbshire (SCDC General Counsel's Office), Peele (SCDC General Counsel's Office), Young (MCI mail room), and Franklin (MCI mail room) violated his First and Sixth Amendment rights, denied his access to this Court and to the United States Supreme Court, and denied his access to the use of legal mail to communicate with the South Carolina Attorney General's Office and Governor's Office and to correspond with legal advocacy organizations such as the American Civil Liberties Union, the American Correctional Health Services Association, and the National Commission on Correctional Health Care. *See* ECF No. 1, p. 12-14. Plaintiff alleges that these four Defendants violated and misapplied SCDC policies and procedures on numerous

---

[3] Elsewhere in his Complaint, Plaintiff uses a different numbering system, describing and discussing his claims as follows: "# II Food Service" (ECF No. 1, p. 6-11), "# 3 Legal Mail" (ECF No. 1, p. 12-15); "# 4 "Security" (ECF No. 1, p. 15-16; # 8 "Housing" (ECF No. 1, p. 16); "# 5 "Law Library" (ECF No. 1, p. 17); and "# I untitled" (ECF No. 1, p. 18) (this last section of the complaint, while untitled, concerns the denial of Plaintiff's SCDC grievance and the South Carolina Administrative Law Court's dismissal with prejudice of Plaintiff's appeal of the denial of his grievance of SCDC's policy requiring inmates to dispose of "grandfathered televisions."

3



occasions and, in addition, violated his right to equal protection by permitting indigent inmates to have access to SCDC's mail service while denying Plaintiff access to the same SCDC mail service. Plaintiff's Complaint should be served on Defendants Labbshire, Peele, Young and Franklin, based on the allegations made by Plaintiff.

As to Defendant Walker (MCI Law Library), however, Plaintiff's Complaint makes no factual allegations of any actual injury and/or prejudice that Plaintiff suffered or is likely to suffer as a result of the claimed deficiencies in MCI's law library and/or Plaintiff's inadequate access to legal materials. *See Lewis v. Casey*, 518 U.S. 343 (1996) (plaintiff must allege actual injury resulting from allegedly inadequate jail library in order to state a claim under section 1983). Plaintiff cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989); *Strickler v. Waters*, 989 F.2d 1375, 1382-85 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993). Plaintiff alleges that "on January 24, 2011 I tried to get copies (legal copies) of some papers that the ACLU asked me for . . . I was told by Ms. Walker that I could not receive these copies. Mr. R. Peele told her not to copy them. Again Mr. R. Peele is not following policy or the law." Plaintiff alleges that "all [of] the law books that SCDC has [are] outdated. Not [one] book is up to date. The[y']re all dated 2003." Plaintiff alleges "we cannot plead a legal case of any kind without the law to back us" and "law books/polic[ie]s are to be passed out on SMU [three] times a week. We do not get law books or polic[ie]s as required. This is Ms. Walker's responsibility to make sure books are brought on days that are scheduled." ECF No. 1, p. 17.



Plaintiff's factual allegations provide insufficient information to show that he suffered an actual injury due to the alleged deficiencies of MCI's law library and its staff. Prison or jail officials deny prisoners their right to access the courts by depriving them of a "reasonably adequate opportunity" to challenge their sentence or conditions of confinement." *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis*, 518 U.S. at 354-55. However, depriving prisoners of this opportunity only "in some theoretical sense" will not establish a violation of the right to access the courts. *Lewis,* 518 U.S. at 351. Rather, a prisoner seeking to assert an access-to-court claim under § 1983 must specifically allege facts that would support a finding that jail or prison officials' conduct inflicted an "actual injury," *i.e.*, that the conduct hindered his efforts to pursue a non-frivolous legal claim. *Id.* at 351-53; *see Magee v. Waters*, 810 F.2d 451 (4th Cir.1987) (actual injury required of city jail inmate who received books after delay and was allowed one hour of library time a week).[4]

The allegations in the Complaint that Plaintiff was prohibited from "tr[ying] to get copies of some papers that the ACLU asked me for" are insufficient to show the required injury or prejudice for a viable access-to-court claim against Defendant Walker. Without any arguable allegation to the effect that he has personally suffered actual injury (such as dismissal of a lawsuit or entry of sanctions) due to the alleged deficiencies in MCI's law library, Plaintiff fails to state a plausible claim against Defendant Walker on which this Court may grant relief.

---

[4] Other circuits also have required a showing of injury or prejudice in cases involving minor or indirect restrictions on access to materials and assistance. *See, e.g.*, *Cookish v. Cunningham*, 787 F.2d 1 (1st Cir.1986) (denial of access to law library, except for emergency matters, during two-week quarantine period does not state violation); *Hudson v. Robinson*, 678 F.2d 462 (3d Cir.1982) (actual injury must be shown; that library is noisy, open at inconvenient times, with no free supplies, and with notary not always available does not state claim); *Twyman v. Crisp*, 584 F.2d 352 (10th Cir.1978) (use of library restricted to two hours a week did not lead to any prejudice, so no denial of access).



**II. Stolen Property Issues**

With respect to the issue of "Stolen Property," the undersigned has made a careful review of Plaintiff's Complaint and has found no factual allegations whatsoever concerning stolen property. Thus, Plaintiff's Complaint fails to state a plausible claim against any named Defendant for the deprivation of Plaintiff's personal property.[5]

**III. Food Service Issues**

With respect to "Food Service," Plaintiff's Complaint alleges that Defendants Bell, Moss, and Fuller violated Plaintiff's free exercise of his Roman Catholic religious beliefs and failed, during the Lenten season of April 2011, to provide Plaintiff with a nutritionally adequate meatless diet. *See* ECF No. 1, p. 6-7.[6] Service of the Complaint is required on these three named Defendants based on Plaintiff's allegations above, and Plaintiff's additional allegations that he "was [taken] off a medically ordered (no onions) tray by food service supervisor Ms. Bell," (*see* ECF No. 1, p. 7), which resulted in his allegedly receiving little or no food at two of the three meals each day because

---

[5] To the extent that Plaintiff's allegations concerning the SCDC's order to dispose of his "grandfathered television" could be liberally construed as an attempt to raise an issue of "stolen property," Plaintiff's Complaint fails to state a claim of violation of a constitutionally protected liberty interest. *See* ECF No. 1-1, p. 50.

[6] A prisoner's sincerely held religious beliefs are entitled to constitutional protection and those beliefs may not be substantially burdened by prison policies which are not validly, rationally related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78 (1987). Plaintiff's allegations require inquiry into whether Plaintiff "can meet this religious constriction by simply choosing not to eat items which do not conform to his religious beliefs and still maintain a nutritionally adequate diet." *See Stacey v. Johnson*, No. 7:08cv000437, 2008 U.S. Dist. LEXIS 65577 at *2-3 (W.D. Va. August 27, 2008) (collecting cases); *Ross v. Blackledge*, 477 F.2d 616, 618-19 (4th Cir. 1973); *Abernathy v. Cunningham*, 393 F.2d 775, 778 (4th Cir. 1968).



of being served meals which were allegedly "far from adequate,"[7] and "not eating at all due to this woman's devious ways." ECF No. 1, p. 8.

However, Plaintiff's Complaint fails to make any factual allegations whatsoever against Defendant Reck (SCDC Food Services),[8] Defendant Barber (MCI Chaplin), and Defendant Andrews (MCI Nurse) in connection with Plaintiff's "food service" issues and his claims of "nutritionally inadequate meals" and "violation of religious beliefs." Thus, as to Defendants Reck, Barber, and Andrews, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief may be granted against these Defendants.

### IV. Chaplin's Office Issues

With respect to the "Chaplin's Office" and Defendant Barber (MCI Chaplin), a careful review of Plaintiff's Complaint discloses that there are no factual allegations whatsoever concerning the "chaplin's office" and, as noted above, no allegations anywhere in the Complaint of any wrongdoing by Defendant Barber. Thus, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief may be granted by this Court against Defendant Barber.

---

[7] "It is well-established that [prison] inmates must be provided with nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) (quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)) (internal quotations omitted). Allegations of inadequate prison food service may be sufficient to state a claim for relief under § 1983 if the deprivation at issue is serious. *Bolding v. Holshouser*, 575 F.2d 461, 465 (4th Cir. 1978).

[8] Section 1983 liability cannot be imposed vicariously against a supervisory official merely on the theory of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976).



### V. General Counsel Issues

With respect to "General Counsel" issues and the Defendants Labbshire and Peele, both with the SCDC's Office of General Counsel, as noted above, Plaintiff's Complaint should be served on these two Defendants based on Plaintiff's factual allegations of violation of his right of access to the courts and the use of legal mail.

### VI. Security Issues

With respect to "Security" and Plaintiff's allegations concerning Defendants Cartledge (MCI Warden), Lewis (MCI Associate Warden), R. Thomas (MCI Corrections Officer AI Shift), NFN Jackson (MCI Corrections Officer AI Shift), and Sgt. Mr. Monday (MCI AII Shift), Plaintiff alleges that SCDC policy and procedures were violated on December 12, 2009 when Defendants Jackson and Thomas "came in at 7:00 a.m. when shift change is 8:00 [a.m] to start showers early." ECF No. 1, p. 15. Plaintiff alleges that Defendants Jackson, Thomas, and Monday "violat[ed] policy [and] security" when "Officer Jackson took inmate Sabree out of his cell, hand cuffed behind his back and let him get stabbed by another inmate." ECF No. 1,. p. 15. Plaintiff alleges that "[t]he security is at fault as long as the Warden L. Cartledge and Associate Warden Lewis for allowing [sic] staff to come to work early" and that "Sgt. Monday of AII shift is at fault with policy by allowing AI shift to come in during his shift hours and supplying them with keys and handcuffs." ECF No. 1, p. 15. Plaintiff also alleges that "Officer Jackson blatant[ly] lie[d] about it happen[ing] in the shower. It happened on the rock in front of cell # 78." ECF No. 1, p. 16.

The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of



inmates. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Accordingly, as noted above, Plaintiff's Complaint should be served on Defendants Bell, Moss, and Fuller based on Plaintiff's allegations that they violated his right to free exercise of his religious beliefs and failed to provide Plaintiff with a nutritionally adequate meatless diet. See ECF No. 1, p. 6-7. Likewise, the Complaint should be served on these three named Defendants based on Plaintiff's allegations that he "was [taken] off a medically ordered (no onions) tray by food service supervisor Ms. Bell," (*see* ECF No. 1, p. 7), which resulted in his allegedly being served meals which were "far from adequate," and "not eating at all." ECF No. 1, p. 8. However, Plaintiff's allegations concerning the alleged assault on a fellow inmate on December 12, 2009 fails to state a plausible claim against Defendants Cartledge, Lewis, Thomas, Jackson, and Monday for violation of any constitutionally protected liberty of Plaintiff.

First, to the extent that Plaintiff is attempting to assert a claim on behalf of Inmate Sabree, who was allegedly stabbed, or on behalf of other MCI inmates, the Fourth Circuit has held that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a prisoner, proceeding *pro se,* cannot represent other prisoners in a class action). *See Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625-626 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Therefore, Plaintiff may not pursue claims on behalf of other prisoners in this lawsuit. To the extent that Plaintiff is instead attempting to assert a claim on his own behalf under *Farmer*, alleging that the Defendants failed to protect him from a substantial risk of serious harm, Plaintiff must demonstrate that the Defendants showed a deliberate or callous indifference to a specific, known, substantial risk of serious harm to *him. See Sarratt v. Daughtery,* 2007 WL 2406784 (D.S.C. 2007) (slip copy)

9



(citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986) [A negligent failure to protect a prisoner from violence does not violate the constitution].

Plaintiff does not allege that he suffered any physical injury on December 12, 2009, or at any time since then, nor does he allege that he was/is in fear of any serious harm to himself, then or now. The Prison Litigation Reform Act of 1996 (PLRA) placed an important limitation upon actions arising from prison conditions, requiring proof of "physical injury" due to an allegedly unconstitutional condition. Under 42 U.S.C. § 1997e (e) no recovery of monetary damages is allowed without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Thus, insofar as Plaintiff's Complaint seeks monetary damages from these Defendants, the Complaint fails to state a claim on which this Court may grant relief under § 1983 and § 1997e(e).

Eighth Amendment claims for failure to protect may be brought for injunctive relief so that prisoners may avoid future injury. *Farmer*, 511 U.S. at 845 ["The law 'does not require a prisoner seeking a remedy for unsafe conditions to await a tragic event such as an actual assault before obtaining relief.'"]. Indeed, "[o]ne does not have to await the consummation of threatened injury to obtain preventive relief." *Id.* at 845. However, keeping the above principles in mind, Plaintiff's conclusory allegation (*i.e.* that Inmate Sabree was assaulted because Defendants took inmates to the shower one hour earlier than usual on December 12, 2009) and Plaintiff's implied assertion (*i.e* that Plaintiff, himself, was/is in danger of being stabbed when inmates were/are taken to the showers earlier than usual) simply fails to allege any deliberate, callous indifference on the part of the Defendants to a specific known risk of harm to the Plaintiff. If, as Plaintiff alleges, MCI

10



corrections officers came in an hour early on December 12, 2009, before the previous shift's officers went off duty, then there were *extra* officers on duty when Sabree was stabbed, not fewer officers. Plaintiff's allegations of overlapping shifts and personnel and a one-hour deviation in the occurrence of regularly scheduled showers do not constitute plausible factual allegations of a deliberate and callous indifference by Defendants Thomas, Jackson, and Monday to a specific known risk that Plaintiff could have been harmed (or will be harmed in the future) at the hands of fellow inmates. *See Pressley v. Hutto,* 816 F.2d 977, 979 (4thCir. 1987); *Farmer*, 511 U.S. at 834.[9]

Moreover, as to Defendants Cartledge, Lewis, Rushton (SCDC Security Director), and Byars (SCDC Director), § 1983 liability cannot be imposed vicariously against a supervisory official merely on the theory of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976); *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990). Rather, a defendant in a civil rights action must have personal involvement in the alleged wrongs. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence, but such allegations of participation

---

[9] Even if the Complaint stated a plausible claim - which it does not, as stated above - Plaintiff would be unable to obtain the mandamus-type injunctive relief that he seeks, *i.e.* "that all guilty person[nel] involved that violated security be held accountable for the[ir] actions or actions not taken." ECF No. 1, p. 19. It is well settled that a writ of mandamus ("a writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly" *see Black's Law Dictionary* (8th ed. 2004)) is a drastic remedy which is used by courts only in "exceptional circumstances." The writ is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969). Further, a federal district court may issue a writ of mandamus only against an employee or official of the United States. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner). *See also In re Carr*, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986) (unpublished opinion) (same).

11



or actual knowledge and acquiescence must be made with appropriate particularity. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). In order to state a claim under § 1983, a complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff[]." *Freedman v. City of Allentown, Pennsylvania*, 853 F.2d 1111, 1114 (3d. Cir. 1988).

Plaintiff's Complaint makes no specific factual allegations of any instances in which these four Defendants personally caused him serious harm. Nor does Plaintiff's Complaint make any specific factual allegations of any instances in which these Defendants had actual knowledge that he was exposed to a substantial risk of serious harm that these Defendants deliberately disregarded so as to allege that they had the requisite culpable state of mind for them to be liable under § 1983. Plaintiff simply makes the conclusory allegation that "the security is at fault as long as the warden L. Cartledge and associate warden Lewis [allow] staff to come to work early." ECF No. 1, p. 15. Likewise, Plaintiff's Complaint fails to make any factual allegations whatsoever of personal wrongdoing on the part of Defendant Andrews (MCI Nurse), with respect to this claim or in any other portion of the Complaint. *Weller v. Dep't of Social Servs.*, 901 F.2d at 389n. 2 (dismissal proper where there were no allegations to support claim).

**VII. Housing Issues**

With respect to "Housing," Plaintiff alleges:

> The SMU is a pig sty. The floor looks like mud. The showers have mold growing in them and nothing is being done about it. The DOC just tried to cover all the violations with paint, but it didn't work. We are suppose[d] top clean rooms [three] times per week per policy; we don't. We have so much dust coming out [of] the vents I'm surprised a lot of people aren't sick. Inmates throw feces and other body fluids to get the place cleaned and it's picked up, not mopped, not sprayed with bleach or disinfectant. The McCormick lock-up is flat out nasty. They have inmate

12



>  run-a-rounds that don't do the[ir] jobs and the police/officers let them leave it like this.

ECF No. 1, p. 16.

Plaintiff's factual allegations fail to name a defendant liable or responsible for any condition of which he complains and fail to include sufficiently clear allegations of any personal responsibility for these conditions against any of the Defendants who are named in connection with other issues in other portions of Plaintiff's Complaint. Rather, Plaintiff has simply named twenty (20) individuals as Defendants in the caption of his Complaint, and (with regard to this claim) set out a string of conclusory statements of conditions Plaintiff claims to be dissatisfied with. As stated above, the United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994). However, the PLRA requires proof of "physical injury" arising from the allegedly unconstitutional condition and, under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In addition to his failure to name a potentially liable Defendant, Plaintiff's allegations about the housing conditions in MCI's SMU make no mention of any physical injury suffered by Plaintiff from the allegedly unsanitary conditions, and without an allegation of physical injury therefrom, § 1997(e) precludes any recovery for the conditions of which Plaintiff complains. Further, in the absence of a named Defendant who could be held liable and of any injury arising from these alleged



13

conditions, the Complaint fails to state a plausible conditions of confinement claim upon which relief may be granted by this Court.

Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, a plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Also, although we are bound to liberally construe Plaintiff's *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to support his claims. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278 ; *Gordon v. Leeke*, 574 F.2d at 1151.

## **RECOMMENDATION**

Accordingly, it is recommended that the Defendants Cartledge, Lewis, Reck, Walker, Barber, Rushton, Thomas, Jackson, Thompkins, Monday, Andrews, and Byars, be dismissed as party Defendants, *without prejudice* and without issuance and service of process, because the Complaint fails to state a claim on which relief may be granted by this Court against these Defendants. The Complaint should be served on the remaining Defendants Labbshire, Peele, Franklin, Young, Bell, Moss, and Fuller. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing,

14



district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's allegations concerning "stolen property" and with respect to the "Chaplin's office", "security issues" and "housing issues" should also be dismissed, without prejudice, for the reasons stated. The case can then proceed on the remaining issues.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

June 30, 2011
Charleston, South Carolina

15



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

